UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JADON KRATOSKA, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:23-CV-361-JD-MGG |
| AMY S. CRESSY, et al., | |
| Defendants. | |

OPINION AND ORDER

Jadon Kratoska, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Kratoska alleges that, while he was at a rehabilitation center, he was attacked by six men. He was hospitalized and his injuries were treated. Upon his release, he was sent back to the rehabilitation center. He thought the problem was resolved, but he was attacked by the same group of men on the day of his return. During the attack, Kratoska stabbed Timothy Miller, who was one of the men that attacked him. Kratoska contends that he was acting in self-defense, but he was nonetheless prosecuted. His complaint

indicates he is suing twelve individuals, but he names only three defendants, and he only mentions one of the defendants in the body of the complaint: Timothy Miller.

As an initial matter, Kratoska cannot proceed against Amy S. Cressy, a St. Joseph County Prosecutor, because she is immune from suit. The prosecutors are entitled to immunity for their actions in the criminal case. *See Imbler v. Pachtman*, 424 U.S. 409, 410 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."). Furthermore, if any claim against Cressy could survive absolute prosecutorial immunity, it would be barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Kratoska cannot obtain an award of damages for wrongful incarceration or pursue any other claim that would necessarily imply the invalidity of his conviction unless it is reversed on direct appeal, expunged, or otherwise declared invalid. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Savory v. Cannon*, 947 F.3d 409, 423 (7th Cir. 2020). Kratoska's complaint indicates that he remains incarcerated due to this incident, and he therefore cannot pursue a claim for damages for wrongful prosecution unless his conviction is vacated.

Kratoska asks to be released from incarceration. To the extent Kratoska is trying to obtain an order declaring that his rights were violated in his criminal case such that he is being wrongfully incarcerated, this type of relief cannot be obtained in a civil rights action; instead such relief can only be pursued in the criminal case or in a habeas proceeding under 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 488 (1973) (habeas corpus is the exclusive civil remedy for a state prisoner seeking to

challenge the fact or duration of his custody, and such relief cannot be pursued under 42 U.S.C. § 1983).

To the extent Kratoska may have a claim against Miller, it is not a federal claim. In the absence of a federal claim, this court relinquishes jurisdiction over any state law claims. *See Doe-2 v. McLean County Unit Dist. No. 5 Bd. of Dirs.*, 593 F.3d 507, 513 (7th Cir. 2010) ("Ordinarily, when a district court dismisses the federal claims conferring original jurisdiction prior to trial, it relinquishes supplemental jurisdiction over any state-law claims under 28 U.S.C. 1367(c)."). Therefore, he will not be granted leave to proceed against Miller.

It is unclear how J. Querciagnossa is involved in the events Kratoska describes. If he is one of the other individuals that attacked Kratoska, he cannot proceed against Querciagnossa for the same reason that he cannot proceed against Miller.

This complaint does not state a claim for which relief can be granted. If he believes he can state a claim based on (and consistent with) the events described in this complaint, Kratoska may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Jadon Kratoska until **August 1, 2023**, to file an amended complaint; and

(2) CAUTIONS Jadon Kratoska if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on June 28, 2023

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT